UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4307** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL** | **SECTION "L"** |

## ORDER AND REASONS

The Court has Plaintiff's Motion for Reconsideration, R. Doc. 84, of the Court's Order, R. Doc. 82, granting Defendants' Motion for Summary Judgment in this matter, R. Doc. 77. Defendants have responded in opposition. R. Doc. 86. Having considered the briefing and the applicable law, the Court rules as follows.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Shopf v. Griggers*, No. 17-10958, 2018 WL 1453214, at *1 (E.D. La. Mar. 23, 2018); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Under Rule 59(e), a movant "must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e) does not allow a movant "to rehash arguments which have already been raised before [the district] court," advance "arguments that could have been offered or raised before entry of judgment," or "to argue [the] case under a new legal theory." *Naquin v. Elevating Boats*, L.L.C., 817 F.3d 235, 240 n. 4 (5th Cir. 2016) (quotations omitted).

Plaintiff does not argue that there has been an intervening change in the law and does not present any new evidence. Therefore, the Court must assume that Plaintiff's intention is to establish a manifest error in law or fact in the Court's order granting summary judgment to Defendants. However, a manifest error is "one that 'is plain and indisputable, and that amounts to a complete disregard of controlling law.'" *GLF Constr. Corp. v. FEDCON Joint Venture*, No. 16-13022, 2017 WL 2653126, at *3 (E.D. La. June 20, 2017) (quoting *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)). Here, any potential error in the Court's ruling could not be less manifest; as Defendants point out, courts in this District have excluded Plaintiff's expert report, the exclusion of which resulted in this Court's grant of summary judgment to Defendants, in approximately 350 cases. The Court's ruling thus does not constitute an error that is plain and indisputable and does not satisfy the requirements for reconsideration under Rule 59(e).

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 16th day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE